# In the Court of Common Pleas of Schuylkill County.

## SWAIN v. HALBERSTADT & WILSON.

When one puts his name on the back of negotiable paper before the payee has endorsed it, he assumes the legal relation of second endorser. To make him liable to any holder, the implied condition that the payee shall endorse before him, must be complied with to give him recourse against the payee.

The opening of a judgment regularly obtained is *ex gratia.* It will be refused where the defendant is guilty of laches, and especially where he tenders no affidavit explaining his laches, and showing a defence.

Rule to show cause why judgment should not be opened for matter appearing on the record.

Opinion delivered May 11, 1874, by

Pershing, P. J.   William Reese & Co. were the lessees of certain mining rights in the Valley Furnace lands, in Schuylkill county, for the owners of which F. B. Gowen, Esq., was the agent.   In reply to a letter from Mr. Gowen, requesting the payment of rent, William Reese & Co., under date of November 20, 1871, addressed him a letter in which they state their inability to pay, and inquire whether their note at sixty days, with Halberstadt & Wilson as endorsers, will be taken for the amount. This proposition was accepted, and on December 6, 1871, Halberstadt & Wilson wrote to Mr. Gowen, enclosing in their letter the note on which the suit in this case was brought, "being," as they say, "for royalty on coal mined to 1st of November," and adding, "we have endorsed the above and enclosed it as soon as received."

The note is as follows:

$2452.67                                    Silver Creek, *Dec.* 6th, 1871.

   Sixty days after date we promise to pay to the order of Franklin B. Gowen, at the Miners' Trust Company of Pottsville, twenty-four hundred and fifty-two 67-100 dollars, without defalcation, value received.

William Reese & Co.

This was endorsed, Halberstadt & Wilson, the other endorsements of the note all being subsequently made.   The note was protested at maturity.   Charles Swain, the present holder of the paper, and one of the owners of the lands of which Reese & Co. were lessees, brought his action against Halberstadt & Wilson, the defendants, and in March, 1872, obtained a judgment by default for want of an affidavit of defence.   It is this judgment we are now asked to open.

On the argument it was contended that this was an irregular endorsement, and that the legal relation of the defendants to the note was that of second endorsers; that in the absence of the prior endorsement of the payee, the defendants are not legally answerable to the plaintiff.   We concede the correctness of this position, and that it would have been a defence

if taken at the proper time. The irregular endorsement by the defend-ants of what is strictly commercial paper, is not such a promise in writing to pay the debt of William Reese & Co. as can be enforced against them. The act of 26th April, 1855, sec. 1 (Frauds and Perjuries), interposes an effectual barrier to a recovery. This is settled by numerous cases, of which it is only necessary to refer to Schafer *v.* Bank, 9 P. F. S. 144 ; Murray *v.* McKee, 10 ib. 35 ; Eilbert *v.* Finkbiner, 18 ib. 243. It must be remembered, however, that when once obtained, the opening of a judgment in a court of law is always *ex gratia.* In this case the record shows that the defendants were regularly served ; that a copy of the note was filed with the declaration, and that everything required to be done was done before judgment was taken. Although more than two years have elapsed, the defendants do not tender an affidavit explaining their laches and showing any defence now, which did not exist in full force at the time suit was brought. C. J. Gibson, in Catlin *v* Robinson, 2 Watts 380, intimated plainly that a judgment by default, if opened at a succeeding term, ought to be on the ground of a defence arising subse-quently, and only then when the rights of third parties will not be inter-fered with.

A court of equity will sometimes interfere to relieve a defendant from a prior adjudication in a court of law, but the aid of equity cannot be invoked in cases where the defendant has had a trial, or an opportunity for a trial in which he might have availed himself of his equities. He must not be guilty of laches in failing to set up his defence when he has the opportunity.' Wistar *v.* McManes, 4 P. F. S 318. And it makes no difference that the instrument on which suit is brought, a copy of which has been filed, is not such as entitles the party to judgment. Whatever the defects in the cause of action filed, it is decisive that the defendant did not satisfy the statute by filing an affidavit of defence. Phila. Sav Inst. *v.* Smith, 10 Barr 13.

The evidence shows that the credit in this instance was given to Halberstadt & Wilson, rather than to Wm. Reese & Co. Mr. Gowen states that the defendants were the agents of Reese & Co., for the sale of the coal of that firm ; that Reese & Co. frequently remitted the check of Halberstadt & Wilson, and that Halberstadt & Wilson themselves often sent their check in payment of royalty due by Wm. Reese & Co. Mr. Gowen is explicit in his statement that it was solely on the strength of the endorsement of Halberstadt & Wilson that he accepted the note to the payment of which they now wish to make defence. Looking at all the circumstances connected with the transaction, we would only open this judgment upon the condition that the defence should be restricted to proof of payment. As it is not pretended that any part of the indebted-ness has ever been paid, this would be doing a vain thing.

The rule is discharged.